UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MARY FALCONI                                                                                           PLAINTIFF

V.                                                         CIVIL ACTION NO.: 3:10-CV-292-DPJ-FKB

NATIONWIDE GENERAL INSURANCE COMPANY                              DEFENDANT

ORDER

This uninsured-motor-vehicle action is before the Court on Defendant Nationwide General Insurance Company's ("Nationwide") Motion for Reconsideration [37]. Plaintiff Mary Falconi has responded in opposition [40]. The Court, having considered the submissions of the parties and applicable authority, concludes that Nationwide's Motion should be denied.

This Court denied Nationwide's original Motion for Partial Summary Judgment [25] on two grounds: (1) Nationwide's failure to cite to record evidence as required by Rule 56(c), and (2) the Court's opinion that it will be in a better position to address the issue of punitive damages in the context of evidence presented at trial. *See* Order [36].

In its Motion for Reconsideration, Nationwide reiterates its argument that because Falconi's claims constitute a "pocketbook dispute" over the amount of damages, punitive damages against Nationwide should be disallowed and summarily dismissed. Nationwide supports its Motion with excerpts from Falconi's deposition, which was attached in its entirety to Falconi's responsive Memorandum [29] to Nationwide's original Motion. Thus, Nationwide urges reconsideration of the Court's prior Order [36] using the same arguments and evidence available for the original Motion.

According to the Fifth Circuit, "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473,

479 (5th Cir. 2004). Further, "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "a motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (citations and quotations omitted).

Although Nationwide now cites record evidence in support of summary judgment, that evidence was available when Nationwide first moved. Yet, the original motion failed to comply with Rule 56(c)(1)(A). The Court was under no duty to search the record for supporting evidence, and was instead entitled to limit its review to "the cited materials." Fed. R. Civ. P. 56(c)(3); *accord Fuentes v. Postmaster Gen. of USPS*, 282 F. App'x 296, 300 (5th Cir. 2008) (citations omitted). Moreover, the summary judgment Motion was alternatively denied because the case will proceed on other issues, and the Court will be in a better position to address punitive damages in the context of the trial evidence. Falconi obviously carries a heavy burden of proof on this issue, and if the evidence is lacking, it can be addressed prior to the punitive-damages phase of a bifurcated trial. The Motion is denied.

**SO ORDERED AND ADJUDGED** this the 29th day of April, 2011.

              s/ *Daniel P. Jordan III*
              UNITED STATES DISTRICT JUDGE